UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20879-Civ-SCOLA

ARTMARK PRODUCTS CORP.,

    Plaintiff,

vs.

CONBRACO INDUSTRIES,

    Defendant.
_____/

### ORDER ON MOTION TO DISMISS OR STAY

THIS MATTER is before the Court on the Amended Motion to Dismiss and Alternative Motion to Stay Proceedings Pending Determination or Adjudication of Pending Proceedings in New York State Court [ECF Nos. 11, 22], filed by Defendant Conbraco Industries, Inc. ("Conbraco"). For the reasons that follow, the Motion is granted and this case is dismissed without prejudice.

### Introduction

On March 14, 2011, Plaintiff Artmark Products Corporation ("Artmark") filed this action for declaratory relief against Conbraco for indemnification in an underlying New York state court action. The New York action was commenced on August 4, 2010 by Travelers Property Casualty Company of America ("Travelers"), as subrogee of Ann Taylor Retail, Inc. ("Ann Taylor"), against more than twenty defendants, including Artmark and Conbraco. Travelers filed the New York action to recover monies paid to Ann Taylor, its insured, due to damage occasioned by the discharge of water from an air conditioning line in an Ann Taylor store in New York City. Travelers alleges that the water damage stems from a failed valve that was designed, manufactured, sold, distributed, installed, serviced, etc. by the twenty-plus defendants. With their answers in the New York action, both Artmark and Conbraco included cross-claims against each other (and other defendants) for breach of contract and contribution

relating to the water damage incident. Conbraco also specifically included a cross-claim against Artmark regarding the duty to defend and indemnify under an agreement between the parties.

In this lawsuit, Artmark seeks a declaration that it is not liable to Conbraco for indemnification in the New York action. The sole relief sought in this matter is declaratory in nature, and the asserted basis for the Court's jurisdiction is diversity of citizenship. There is no issue of federal law, nor any federal interest, at issue here.

Presently before the Court is Conbraco's request for dismissal, or alternatively for a stay, of this case in light of the pending New York action. According to Conbraco, the declaratory issues raised by Artmark's Complaint are more appropriately resolved in the New York action and, in view of the relevant considerations, this Court should decline jurisdiction pursuant to the first-filed rule and the Supreme Court's decision in *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942). Artmark responds that this Court should exercise jurisdiction because the first-filed rule does not apply. Further, Artmark argues dismissal or abatement under *Brillhart* is not warranted because each of the relevant factors weighs against deferring to the New York court.

## **Legal Standards**

Because Artmark only seeks declaratory relief in this case, the federal Declaratory Judgment Act, 28 U.S.C. § 2201, is implicated. The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). "It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart*, 316 U.S. at 494). Indeed, "[t]he Declaratory Judgment Act provides that a court '*may* declare the rights and other legal relations of any interested party,' not that it *must* do so," and "[t]his text has long been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (quoting 28 U.S.C. § 2201(a); other citations omitted; emphasis original). Accordingly, "[d]istrict courts have substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." *Great Lakes Reins. (UK) PLC v. TLU Ltd.*, 298 F. App'x 813, 814 (11th Cir. 2008) (citation omitted).

Consistent with these principles, the Eleventh Circuit has outlined nine factors that a district court *may* consider in determining whether to accept or decline jurisdiction under the Declaratory Judgment Act when a related state action is pending:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" – that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*See Ameritas*, 411 F.3d at 1330-31.  This list of factors is neither absolute nor exclusive, and no "one factor is controlling."  *See Great Lakes*, 298 F. App'x at 815.  Indeed, the Court has no obligation to consider each and every factor on the list and it is free to consider any other factors it deems relevant or significant.  *See id.* at 815-16.  The Eleventh Circuit has "upheld a district court's refusal to assert jurisdiction where the district court had considered only two of the factors[.]"  *See id.* at 815.  In addition, the Eleventh Circuit has upheld a district court's determination even where the Court of Appeals "probably would have decided it differently," if reviewing the matter *de novo*.  *See Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1325 (11th Cir. 2005).  These precedents exemplify the substantial latitude and discretion afforded district courts in deciding whether to exercise jurisdiction over a purely declaratory action.

**Legal Analysis**

The Court concludes it should not exercise jurisdiction over this declaratory judgment action, as New York is the more appropriate forum for resolution of the parties' indemnification dispute.

Initially, the Court agrees with Artmark that the first-filed rule has no application here. Conbraco argues that this Court should decline jurisdiction consistent with the first-filed doctrine because the New York case was commenced in state court prior to this federal action. The first-filed rule provides that, "[w]here two actions involving overlapping issues and parties are pending in two *federal* courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (emphasis supplied). "[A] close reading of the case law suggests that this rule applies to competing claims filed in separate federal courts, not competing federal and state court actions." *Melillo v. Shendell & Assocs., P.A.*, 2012 WL 253205, at *3 (S.D. Fla. Jan. 26, 2012) (citation omitted); *see also Mt. Hawley Ins. Co. v. Sarasota Residences*, LLC, 714 F.Supp.2d 1176, 1181 (M.D. Fla. 2010). Therefore, the first-filed rule does not govern the Court's analysis here.

In determining that this action should be abated, the Court has considered the relevant factors outlined by the Eleventh Circuit in *Ameritas* as well as others it finds relevant. First, the Court notes that both parties to this case are also parties in the New York action. Artmark and Conbraco, the only parties to this lawsuit, are both defendants in the New York action and they both have asserted cross-claims against one another there. In addition, there are other parties involved in the New York action that are not parties to this suit. While those parties may not have any direct bearing on the indemnification dispute between Conbraco and Artmark, the Court finds it more appropriate for Conbraco's indemnity claims to be litigated as part of the underlying action, where all parties involved are joined and present. *Ameritas*, 411 F.3d at 1331.

Second, Conbraco and Artmark are already seeking, in the New York action, the same relief at issue in this declaratory judgment lawsuit. Specifically, Conbraco has asserted a cross-claim in the New York action against Artmark for indemnity and contribution, and Artmark has cross-claimed against Conbraco for contribution as well. The declaratory relief that Artmark seeks here is duplicative as it relates to Artmark's duty to defend and indemnify. Again, the Court finds it most appropriate for these matters to be litigated in the underlying action, where all

interested parties are present.[1] *See Ameritas*, 411 F.3d at 1332 (affirming district court's determination that "to allow the declaratory action to proceed would amount to the unnecessary and inappropriate '[g]ratuitous interference' with the more encompassing and currently pending state court action").

Third, interests of judicial economy favor resolution of this dispute in the underlying New York action. As Conbraco correctly suggests, the New York action will continue to be litigated and discovery will likely cover the substantive issues raised in this declaratory action, in light of the cross-claims. Absent abatement of this action, there is sure to be substantial and needless duplication of discovery and litigation efforts. *See Penn Millers Ins. Co. v. AG-Mart Produce, Inc.*, 2006 WL 2864402, at *2 (M.D. Fla. Oct. 5, 2006), *aff'd*, 260 F. App'x 175 (11th Cir. 2007). In addition, the Court is not convinced that it will be able to fully declare the parties respective rights and obligations because, at this time, the comparative liability (if any) of the defendants has not yet been determined in the New York action. *See Triple R Paving, Inc. v. Liberty Mut. Ins. Co.*, 510 F. Supp. 2d 1090, 1097 (S.D. Fla. 2007) ("In light of the fact that significant questions of liability remain unresolved in the pending state court litigation, it is this Court's judgment that any declaration of indemnification obligations would be premature at this time."). Thus, reasons of judicial and litigant economy favor abatement here.

Fourth, the parties' controversy is not federal in character. Indeed, the issues raised in this matter neither concern nor involve any federal law or interest whatsoever. This dispute does not require application or consideration of any federal statute or constitutional provision, nor does it involve the actions of any federal players. *Cf. Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26 (1983) (finding that if federal law governs the federal action, that "must always be a major consideration weighing against surrender"). Instead, Arkmark requests solely declaratory relief regarding a plain vanilla issue of state common-law. The Court therefore concludes that its expertise is not particularly implicated here. In reaching this determination, the Court disagrees with Artmark that New York has no interest in this dispute. Artmark contends that both parties are foreign to New York and that Florida law, not New York law, will apply to resolve the question of indemnification. Yet aside from its bald assertion,

---

[1] By contrast, where the parties and issues in the federal suit are *not* parallel to those in the state court case, this Court has declined to abate the declaratory judgment action in favor of the state proceeding. *See Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11-23257-RNS, ECF No. 56 (S.D. Fla. Apr. 4, 2012) (order denying motion to dismiss or abate).

Artmark has not even attempted a choice of law analysis and this Court is unwilling to simply assume that Florida law would obviously apply. Moreover, New York clearly has some connection to the dispute, as the underlying events giving rise to Artmark's alleged duty to defend and indemnify occurred in New York City. In any case, the mere possibility, or even probability, that Florida law may apply is, without more, insufficient to justify the exercise of federal jurisdiction over this purely common-law, contractual dispute. *See Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 797 (8th Cir. 2008). The New York tribunal is just as well positioned as this Court to resolve the parties' indemnity and contribution claims, especially since that is where the underlying dispute will play out. *See id*. ("Even if the choice of law analysis led to choosing Missouri law, the Illinois state court is perfectly capable of applying Missouri state law in its case.").

Fifth, the Court cannot rule out the possibility that this action is "being used merely for the purpose of 'procedural fencing' – that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable." *See Ameritas*, 411 F.3d at 1331. Given that the cross-claims in the New York action raise exactly the issues Artmark asks this Court to resolve, Artmark's pursuit of this action smacks of forum shopping. Artmark has offered no compelling reason why it should litigate here rather than New York, and the Court can think of none other than Artmark prefers to have a federal court declare its rights and obligations rather than a state court judge in New York. To the extent that it is true, it weighs against this Court's exercise of jurisdiction.

Finally, the Court finds no inconvenience or prejudice to Artmark if this action is abated. Both Artmark and Conbraco are already parties in New York and they will both have to litigate there anyway, both as to defend against the underlying claims by Travelers and to resolve their respective cross-claims. If anything, refraining from the exercise of jurisdiction here will streamline matters and avoid any prejudice to Conbraco that would be caused by having to litigate on two fronts.

Thus, having found abstention warranted here, the Court has two options: either stay or dismiss without prejudice. This Court has the authority to decide "whether to stay *or* dismiss a declaratory judgment suit in light of pending state proceedings." *Wilton*, 515 U.S. at 286 (emphasis supplied). Neither party has argued which course is most appropriate. The Supreme Court has said that "where the basis for declining to proceed is the pendency of a state

proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Id.* at 288 n.2. It is also true, however, that "numerous courts engaging in abstention . . . have elected to dismiss the declaratory action without prejudice, rather than staying it." *See Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1245 (S.D. Ala. 2006). In this case, the Court has already determined that the issues at the core of this declaratory judgment suit will be resolved in the course of the underlying action in New York. *See Sparta Ins. Co. v. Smith*, 2011 WL 2175103, at *7 (M.D. Ala. June 3, 2011). Moreover, the Court fails to see how Artmark could be time-barred from pursuing declaratory relief at a later time, should the New York case for any reason not reach and resolve the parties' cross-claims. *See Lexington Ins.*, 434 F. Supp. 2d at 1246; *Sparta Ins.*, 2011 WL 2175103, at *7. Accordingly, the Court will dismiss this action without prejudice.

## Conclusion

For the reasons explained above, the Court declines to exercise federal jurisdiction over this matter. Accordingly, it is hereby **ORDERED and ADJUDGED** that Conbraco's Motion [ECF Nos. 11, 22] is **GRANTED** and this action is **DISMISSED** without prejudice. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida on April 5, 2012.

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ _____
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ **ROBERT N. SCOLA, JR.**
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ **UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*